Caitlin C. Blanche (SBN 254109)
caitlin.blanche@klgates.com
Ashley Song (SBN 327688)
ashley.song@klgates.com
K&L GATES LLP
1 Park Plaza
Twelfth Floor
Irvine, California 92614
Telephone: +1 949 253 0900
Facsimile: +1 949 253 0902

Attorneys for Defendants
SANYO FOODS CORP. OF AMERICA, TAKEO SATO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE SHIN, on behalf of herself, all others similarly situated, and the general public<br><br>      Plaintiffs,<br><br>v.<br><br>SANYO FOODS CORP. OF AMERICA, TAKEO SATO, and DOES 1 through 10,<br><br>      Defendants. | Case No.<br><br>**DEFENDANTS SANYO FOODS CORP. OF AMERICA'S AND TAKEO SATO'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>[Removed from the Superior Court of the State of California, County of Los Angeles, Case No. 23STCV27571]<br><br>Complaint Served: November 14, 2023<br>Removal Date: December 14, 2023 |

NOTICE OF REMOVAL

**TO THE CLERK OF THE COURT, PLAINTIFF, AND COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** that Defendants Sanyo Foods Corporation of America ("Sanyo") and Takeo Sato ("Sato") (collectively "Defendants"), by and through its undersigned attorneys, hereby jointly remove the above-captioned action—with reservation of all defenses and rights—from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to the Class Action Fairness Act ("CAFA") and 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

    1.    For the sole and limited purpose of establishing the basis of this Court's jurisdiction over this action, Defendants assume as true Plaintiff's allegations—but Defendants deny the allegations and any liability in this case. The Complaint is legally and factually unfounded, and, at the appropriate time, Defendants will move to dismiss Plaintiff's claims under Rule 12 of the Federal Rules of Civil Procedure.

    2.    This action deals with the alleged false advertising of certain Sanyo's Sapporo Ichiban packaged noodle products (the "Products") that were manufactured and distributed by Sanyo.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

    3.    On November 9, 2023, Plaintiffs Sue Shin ("Plaintiff") filed a Class Action Complaint ("Complaint") against Defendants in the Superior Court of the State of California, County of Los Angeles, captioned *Sue Shin v. Sanyo Foods Corp. of America, Takeo Sato, and Does 1 through 10*, Case Number 23STCV27571. Attached hereto as <u>Exhibit A</u> is a true and accurate copy of the Complaint.  Attached hereto as <u>Exhibit B</u> is a true and accurate copy of all remaining process, pleadings, and orders served upon Sanyo.

    4.    On November 14, 2023, Plaintiff served the Complaint and Summons on Sanyo. *See* Exhibit B. The Complaint asserts claims against Sanyo and Sato for alleged violations of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §

2

NOTICE OF REMOVAL

17200), California's False Advertising Law ("FAL") (Cal. Bus. & Prof. Code § 17500), California's Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code §§ 1750 et seq.), Unjust Enrichment, Fraudulent Misrepresentation, Negligent Misrepresentation, Breach of Express Warranty, and Breach of Implied Warranty. *See* Exhibit A ¶¶ 8, 91-155.

5. Plaintiff purports to bring this action on behalf of herself as well as a purported nationwide class of all U.S. citizens and a California subclass who purchased the Products from "November 2019 until the date notice is disseminated to the class." Exhibit A ¶ 77.

6. Among other forms of relief, Plaintiff seeks class certification, declaratory relief, an injunction, damages, restitution and/or disgorgement, punitive damages/penalties, attorney's fees and costs, and pre- and post-judgment interest. Exhibit A, Prayer for Relief.

## II.    THIS COURT HAS JURISDICTION PURSUANT TO CAFA

7. This action is removable under 28 U.S.C. § 1441(a) because this Court would have had subject matter jurisdiction under CAFA had Plaintiff initially filed this action in federal court. *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

8. Under CAFA, this Court has subject matter jurisdiction over this putative class action because (1) the putative class consists of at least 100 proposed class members; (2) the citizenship of at least one putative class member is different from the citizenship of one defendant; and (3) the aggregate amount placed in controversy by the claims of the named Plaintiff and the proposed class members exceeds the sum or value of $5,000,000, exclusive of costs and interest. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B).

### A.    <u>The Putative Class Consist of More than 100 Members</u>

9. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure

NOTICE OF REMOVAL

1    authorizing an action to be brought by 1 or more representative persons as a class

2    action." 28 U.S.C. § 1332(d)(1)(B).

3        10.    Plaintiff's Complaint purports to bring this class action pursuant to CLRA

4    and California Code of Civil Procedure § 382 on behalf of herself and a nationwide

5    class of "[a]ll U.S. citizens who purchased the SAPPORO ICHIBAN Product in their

6    respective state of citizenship for personal and household use and not for resale during

7    the Class Period." Exhibit A ¶ 77.

8        11.    Additionally, Plaintiff alleges that "the total number of Class members is

9    at least in the hundreds." Exhibit A ¶ 81.

10       12.    Based on these and other allegations, the aggregate number of class

11   members in Plaintiff's proposed class is at least 100 people for the purposes of

12   satisfying 28 U.S.C. 1332(d)(5).

13       **B.    <u>There Is Minimal Diversity Among The Parties</u>**

14       13.    Under CAFA, 28 U.S.C. § 1332(d)(2)(A), minimal diversity jurisdiction

15   exists if *any* member of the purported class is a citizen of a state different from *any*

16   defendant.

17       14.    Sanyo is a California Corporation and has its principal place of business in

18   California. As such, for jurisdictional purposes, Sanyo is a citizen of California.

19       15.    There is minimum diversity because, as alleged in the Complaint, Plaintiff

20   seeks to represent a nationwide class and the Complaint defines the class as persons

21   who purchased the Products in "their respective state of citizenship." Exhibit A ¶ 77.

22   The Products are available for purchase in all 50 states. As such, at least one member

23   of the putative class is a citizen of a state other than California, thereby satisfying

24   minimal diversity for purposes of CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A).[1]

25

26   _____

27   [1] Plaintiff alleges only that she is "a resident of the state of California." Exhibit A ¶ 15.
     A person residing in a given state is not necessarily domiciled there, and thus is not
     necessarily a citizen of that state. *See, e.g., Weible v. United States*, 244 F.2d 158, 163

28   (9th Cir. 1957) ("Residence is not an immutable condition of domicile.")

NOTICE OF REMOVAL

16.     Thus, the minimal diversity of citizenship requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because the citizenship of at least one putative class member is different than the citizenship of Defendants.

**C.     The Amount In Controversy Exceeds $5 Million**

17.     To remove a case from state court, the defendant must plead only "a short and plain statement of the grounds for removal" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Moe v. GEICO Indemnity Company*, 73 F.4th 757, 762 (9th Cir. 2023). This standard is satisfied when it is "facially apparent" from the complaint that the claims likely exceed $5,000,000. *Dart Cherokee Basin Operating Co.*, LLC, 574 U.S. at 89. Moreover, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Arias v. Residence Inn by Mariott*, 936 F.3d 920, 927 (9th Cir. 2019). It includes claims for monetary damages, restitution, penalties, attorneys' fees if recoverable by statute or contract, and punitive damages. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

18.     Here, Plaintiff's Complaint plausibly alleges an amount in controversy in excess of $5,000,000, exclusive of interest and costs.

19.     Specifically, Plaintiff is claiming "restitution of, disgorgement of, and/or the imposition of a constructive trust upon all profits, benefits, and compensation" to be paid to Plaintiff and all Class Members that Sanyo obtained from the alleged improper conduct. *See* Exhibit A ¶¶ 95, 115, 121. Plaintiff identifies the class period "from November 2019 until the date the notice is disseminated to the class." Exhibit A ¶ 77.

20.     Defendants do not concede that it is responsible for the claims alleged in the Complaint or any of the alleged harm or damages alleged in the Complaint. However, revenues for the Products since November 2019 plausibly exceed $5 million. This in of itself establishes CAFA's amount in controversy requirement.

NOTICE OF REMOVAL

21.     In addition, Plaintiff seeks exemplary or punitive damages and preliminary and permanent injunctive relief ordering Defendants to cease the alleged unlawful conduct and false advertising. *See* Exhibit A ¶¶ 8, 114, 108; *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (declaratory or injunctive relief relevant in determining amount in controversy); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").  Based on the allegations in the Complaint, the costs associated with revamping the alleged false advertising and disgorgement and restitution of revenues generated from the alleged false advertising would plausibly exceed $5 million.  The cost of compliance with such an injunction further adds to the amount in controversy. *See, e.g.*, *Bayol v. ZipCar, Inc.*, 2015 WL 4931756, at *10 (N.D. Cal. Aug. 18, 2015) ("[A] defendant's aggregate cost of compliance with an injunction is appropriately counted toward the amount in controversy.").  Plaintiff's request for injunctive relief, disgorgement, and restitution in of itself establishes CAFA's amount in controversy requirement.

22.     Plaintiff is also seeking attorneys' fees (Exhibit A ¶¶ 115, 132) which are considered in determination of the amount in controversy requirement under CAFA. *See, e.g., Lucas v. Michael Kors (USA), Inc.*, No. 18-cv-1608, 2018 WL 2146403, at *11 (C.D. Cal. May 9, 2018) ("Unaccrued postremoval attorneys' fees can be factored into the amount in controversy."). The request for attorney's fees further establishes the amount in controversy exceeds CAFA's requirement.

23.     Given the number of liability theories pursued and the nature, the size of the class, and extent of the damages requested, it is facially apparent that the amount in controversy exceeds $5,000,000 and therefore meets the amount in controversy requirement. Sanyo has satisfied its burden to establish that the amount in controversy exceeds $5,000,000.

NOTICE OF REMOVAL

24.     By the statements contained in this Notice of Removal, Defendants do not concede that Plaintiff is entitled to any damages, or that Defendants are responsible for the acts attributed to it by Plaintiff in her Complaint.

**III.     NONE OF CAFA'S EXCEPTIONS BAR REMOVAL**

25.     To effect removal, Defendants' only burden is to plausibly allege that CAFA's three jurisdictional requirements are met. Defendants do not have the burden to allege or prove the inapplicability of CAFA's jurisdictional exceptions found in 28 U.S.C. § 1332(d)(4). The burden of asserting and proving the applicability of those exceptions lies squarely with Plaintiff. *See Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).

26.     For the avoidance of doubt, however, none of CAFA's jurisdictional exceptions apply in this case.

**A.     <u>The "Local Controversy" Exception Does Not Apply</u>**

27.     Section 1332(d)(4)(A), the "local controversy" exception provides that a "district court shall decline to exercise jurisdiction" over a class action in which the plaintiff class and at least one defendant meet certain characteristics that essentially make the case a local controversy. However, there are at least two reasons why the exception does not apply here.

28.     First, for the "local controversy" exception to apply, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate" must be "citizens of the State in which the action was originally filed." *Id.*

29.     This requirement is not met here. According to Plaintiff's own pleading, Sanyo has a nationwide sales footprint. *See* Exhibit A ¶ 20 (Defendants sell the Products "at amazon.com, walmart.com, ebay.com, vons.com, sanyofoodsamerica.com, target.com, kroger.com, yamibuy.com, worldmarket.com, albertsons.com, and many retailers in the United States.") Plaintiff also alleges that the total number of class members in the nationwide class is "at least in the hundreds." *See* Exhibit A ¶ 81. Based

**NOTICE OF REMOVAL**

1  on these allegations, Plaintiff cannot show that a California subclass's members would
2  comprise more than two-thirds of the total putative class members.

3     30.    Second, the "local controversy" exception applies only where "principal
4  injuries resulting from the alleged conduct or any related conduct of each defendant
5  were incurred in the State in which the action was originally filed." 28 U.S.C. §
6  1332(d)(4)(A)(i)(III).

7     31.    Here, the Products at issue were advertised and sold on a nationwide
8  basis—not merely in California. Therefore, to the extent the advertising and sale of the
9  Products caused any injury (which Defendants deny), that injury was distributed across
10 the nation and did not occur "principal[ly]" in California. *See Phillips v. Kaiser Found.*
11 *Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1086–87 (N.D. Cal. 2011) ("If the defendants
12 engaged in conduct that could be alleged to have injured consumers throughout the
13 country or broadly throughout several states, the case would not qualify for [the 'local
14 controversy'] exception, even if it were brought only as a single-state class action. In
15 other words, this provision looks at where the principal injuries were suffered by
16 everyone who was affected by the alleged conduct—not just where the proposed class
17 members were injured.").[2]

18    32.    Accordingly, the "local controversy" exception under 28 U.S.C. §
19 1332(d)(4)(A) does not apply.

20        **B.    The "Home State" Exception Does Not Apply**

21    33.    Under 28 U.S.C. § 1332(d)(4)(B), or the so-called "home state" exception,
22 a district court shall decline jurisdiction over a removed class action under certain
23 circumstances. One of the necessary prerequisites for this exception is that "two-thirds
24 or more of the members of all proposed plaintiff classes in the aggregate" must be
25 "citizens of the State in which the action was originally filed." *Id.*

26

27 [2] Defendants deny that Plaintiff has standing to pursue claims on behalf of a nationwide
   class. For the sole and limited purpose of this Notice of Removal, Defendants assume
28 as true Plaintiff's allegations.

NOTICE OF REMOVAL

34.    For the reasons discussed above, Plaintiff cannot satisfy the requirement to demonstrate that two-thirds or more of the members of all proposed plaintiff classes are California citizens.

35.    Accordingly, the "home state" exception under 28 U.S.C. § 1332(d)(4)(B) does not apply.

**C.    The "Interest of Justice" Exception Does Not Apply**

36.    Lastly, under 28 U.S.C. § 1332(d)(3), the so-called "interests of justice" exception, the court has discretion to decline jurisdiction over a removed class action "in the interests of justice," in its discretion, under certain circumstances.

37.    One necessary prerequisite for this exception is that "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3). For the reasons discussed above, this mandatory prerequisite is not met here, because Plaintiff cannot demonstrate that at least one-third of putative class members are California citizens.

38.    Even if this mandatory prerequisite were met, the six discretionary factors relevant to the "interests of justice" exception also militate in favor of retaining jurisdiction.

**IV.    VENUE IS PROPER**

39.    The Central District of California is the proper venue for this action upon removal because this "district and division embrac[e]" Los Angeles County Superior Court. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c) (providing that Los Angeles is part of the Central District of California).

**V.    COMPLIANCE WITH OTHER REMOVAL PROCEDURE**

40.    This Notice of Removal is being timely filed because it is being filed within thirty days of the date of service. On November 14, 2023, Plaintiff served the Complaint and Summons on Sanyo. This Notice of Removal is, therefore, timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 47-48 (1999) (30-day removal period is not triggered until formal service); *Rivas v. County of Orange*, No. 22-cv-01586, 2023 WL 2957469, at *3 ("each defendant is entitled to thirty days to exercise his removal rights after being served.") (C.D. Cal. Apr. 14, 2023) (citing *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011)).

41.    No attorneys for Defendants have entered an appearance or filed any pleadings or other papers responding to the complaint in Los Angeles County Superior Court.

42.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants are being filed herewith as Exhibits A and B.

43.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file written notice of the of the Notice of Removal with the clerk of the Superior Court of the State of California for the County of Los Angeles, and serve Plaintiff a Notice to Adverse Party and State Court of Removal of Action to Federal Court.

44.    Defendants hereby reserve all of their defenses and rights, and nothing in this Notice of Removal should be construed as in any way conceding the truth of any of Plaintiffs' allegations or waiving any of Defendants' defenses.

## VI.    CONCLUSION

Defendants respectfully request that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Los Angeles County Superior Court, California.

Dated: December 14, 2023          **K&L GATES LLP**

By:    */s/ Ashley Song*
       Caitlin C. Blanche
       Ashley Song
       *Attorneys for Defendants Sanyo Foods*
       *Corporation of America; Takeo Sato*

10