**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | | FOR COURT USE ONLY |
|---|---|---|
| Juan Hong, SBN 234046, Law Office of Juan Hong | | |
| 4199 Campus Drive, Irvine, CA92612 | | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**11/09/2023 12:24 PM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By S. Trinh, Deputy Clerk** |

TELEPHONE NO.: (949) 334-7710   FAX NO. *(Optional):* (949) 335-6647
E-MAIL ADDRESS: jhong48@gmail.com
ATTORNEY FOR *(Name):* Plaintiff SUE SHIN

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanely Mosk Court House

CASE NAME:
SUE SHIN vs. SANYO FOODS CORP. OF AMERICA, TAKEO SATO, DOES 1-10

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** [ ] **Limited** | [ ] Counter [ ] Joinder | 23STCV27571 |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 9
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 10, 2023
JUAN HONG

_____          _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| SUE SHIN vs. SANYO FOODS CORP. OF AMERICA, TAKEO SATO | 23STCV27571 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| SUE SHIN vs. SANYO FOODS CORP. OF AMERICA, TAKEO SATO | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| SUE SHIN vs. SANYO FOODS CORP. OF AMERICA, TAKEO SATO | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract**<br>(Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| SUE SHIN vs. SANYO FOODS CORP. OF AMERICA, TAKEO SATO | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| SUE SHIN vs. SANYO FOODS CORP. OF AMERICA, TAKEO SATO | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: |
|---|---|
| CITY:<br>LOS ANGELES | STATE:<br>CA | ZIP CODE:<br>90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __CENTRAL__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __11/10/2023__

_Juan Hong_

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

 Superior Court of California, County of Los Angeles

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

**Main Types of ADR**
1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 0 3 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
                             )
                             )
                             )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

    a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

i)   Depositions;

ii)  Declarations;

iii) Exhibits (including exhibits to declarations);

iv)  Transcripts (including excerpts within transcripts);

v)   Points and Authorities;

vi)  Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h)  Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j)  Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

a)  Filed Date

i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)   Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)   Pleadings and motions that include points and authorities;

   iv)   Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)   Motions for Summary Judgment/Adjudication; and

   vii)   Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6           This First Amended General Order supersedes any previous order related to electronic filing,

7      and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8      Supervising Judge and/or Presiding Judge.

9

10     DATED:  May 3, 2019                    KEVIN C. BRAZILE

11                                                              Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)     (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____
(TYPE OR PRINT NAME)
   ➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:
_____
(TYPE OR PRINT NAME)
   ➢ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)
   ➢ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)
   ➢ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)
   ➢ _____
(ATTORNEY FOR _____)

Date:
_____
(TYPE OR PRINT NAME)
   ➢ _____
(ATTORNEY FOR _____)

Date:
_____
(TYPE OR PRINT NAME)
   ➢ _____
(ATTORNEY FOR _____)

Print     Save     Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a.  The party requesting the Informal Discovery Conference will:

      i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii.  Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b.  Any Answer to a Request for Informal Discovery Conference must:

      i.   Also be filed on the approved form (copy attached);

      ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Print    Save                                    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print     Save     Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

[ Print ]    [ Save ]                                           [ Clear ]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re                                )
Use of Voluntary Efficient Litigation   )
Stipulations                                        )
                                                        )
                                                        )
                                                        )
_____)

ORDER PURSUANT TO CCP 1054(a),
EXTENDING TIME TO RESPOND BY
30 DAYS WHEN PARTIES AGREE
TO EARLY ORGANIZATIONAL
MEETING STIPULATION

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1    by Code of Civil Procedure section 1054(a) without further need of a specific court

2    order.

3

4    DATED: _May 11, 2011_

5                                              _Carolyn B. Kuhl_

6                                              Carolyn B. Kuhl, Supervising Judge of the
                                               Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER PURSUANT TO CCP 1054(a)

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

11/09/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ S. Trinh _____ Deputy

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
23STCV27571

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| ✔ Maren  Nelson | 17 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/09/2023
    (Date)

David W. Slayton, Executive Officer / Clerk of Court

By S. Trinh _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
11/09/2023 4:54 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SANYO FOODS CORP. OF AMERICA, TAKEO SATO, and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SUE SHIN, on behalf of herself, all others similarly situated, and the general public

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California

Stanley Mosk CourthouseCentral District,111 North Hill St, Los Angeles,CA90012

**CASE NUMBER:**
*(Número del Caso):*
23STCV27571

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Juan Hong, Esq., 4199 Campus Dr., Suite 550, Irvine, CA92612, 949-334-7710

DATE: 11/09/2023                                      Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy
*(Fecha)*                                                      *(Secretario)*          D. Jackson Aubry          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)                     [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)          [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/21/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____M. Mata_____ Deputy |
| PLAINTIFF/PETITIONER:<br>Sue Shin, | |
| DEFENDANT/RESPONDENT:<br>Sanyo Foods Corp. of America, et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV27571 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order re: Complex Determination) of 11/21/2023, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Juan Hong
Law Office of Juan Hong, A Law Corp.
4199 Campus Drive, Suite 550
Irvine, CA 92612

David W. Slayton, Executive Officer / Clerk of Court

Dated: 11/21/2023                           By: _M. Mata_____
                                                      Deputy Clerk

**CERTIFICATE OF MAILING**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**
Superior Court of California
County of Los Angeles

**11/21/2023**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ M. Mata _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

SUE SHIN

                       Plaintiff,

      vs.

SANYO FOODS CORP. OF AMERICA

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 23STCV27571

INITIAL STATUS CONFERENCE ORDER
(COMPLEX CASES/CLASS ACTIONS)

Dept. 17
Spring street Courthouse
Hon. Maren E. Nelson

      This Initial Status Conference Order (Complex / Class Actions) supplements a Minute Order served concurrently herewith. That Minute Order sets a date and time for the Initial Status Conference and includes other provisions which are not repeated in this Order. Counsel should review that Minute Order carefully to be fully informed of your obligations and the processes used in the Los Angeles Superior Court Complex Courtrooms.

      Pending further order, the following is ordered:

**I.    Initial Status Conference**

      Counsel for all parties shall appear for an Initial Status Conference ("ISC") per the Minute Order served concurrently herewith.

1    Counsel representing a party at the ISC or any other status conference should be fully familiar
2    with the facts as then understood and be able to make binding agreements respecting case
3    management.

4    Parties presently engaged in mediation or who have a secured a date with a mediator for
5    mediation may stipulate to one continuance of the ISC, provided they also agree upon an e-service
6    provider, as set forth in Item 8, below, and include the name of the provider and the date of the
7    mediation in their Stipulation for Continuance. It is expected that parties using this procedure will
8    timely exchange such information as is necessary to have a productive mediation and that the
9    mediation will go forward as scheduled.

10    At the ISC, the Court will discuss case management, set dates for motions, and invite the
11    parties to propose procedures to enhance efficiency and avoid duplicative or unnecessary
12    expenditures of time. Counsel attending shall be prepared to address these issues.

13    At least ten (10) days prior to the ISC, all counsel shall meet, preferably by use of telephone
14    and/or video technology, to discuss case management. Plaintiff's counsel shall take the lead in
15    preparing a joint ISC Statement and ensuring that it is filed at least five (5) court days prior to the
16    ISC. To the extent the parties are unable to agree on a joint submission, each party may separately
17    present a brief statement of its position. If any party who has been served with this Order declines to
18    participate, all other parties shall file an ISC statement.

19    The ISC Statement shall contain the following in the following order:

20    1.    A succinct description of the facts of the case as then known. In wage and hour cases
21          the nature of the employee's work, the employer's business, and the specific factual
22          bases for claims under the Labor Code shall be provided. Citations to relevant statutes
23          and pending appellate cases that may impact the case shall be provided.

24    2.    A discussion of any issues of jurisdiction, venue, contractual arbitration/judicial
25          reference that any party intends to raise and the meet and confer efforts to date on
26          these issues. Prior to the ISC any party seeking arbitration shall have provided a copy
27          of the applicable agreement to arbitrate to the opposing party and a decision should
28          have been made as to whether a motion to compel arbitration will be filed. Dates for

1    any motions involving challenges to jurisdiction, venue, the pleadings, or referrals to

2    arbitration will be set at the ISC.

3        3.   Counsel should address issues such as an agreement to share the cost of class

4    notice/opt out procedures, the adequacy of class representatives, and potential

5    conflicts of interest among class representatives.

6        4.   Whether the action incorrectly identifies the name of any party and whether any party

7    intends to add parties or causes of action by way of amendment, cross-complaint, or

8    the like.

9        5.   The names, addresses, telephone, email, and facsimile numbers of all counsel and the

10   parties they represent.

11       6.   Any basis for the Court's recusal or disqualification.

12       7.   A discussion of the identity of entities or persons other than those shown in the

13   pleadings that may have a significant financial or other interest in the proceedings.

14       8.   A joint recommendation for an e-service provider for inclusion in the Court's order for

15   initiation of e-service.  The parties must employ an agreed e-service provider.  The

16   parties shall identify the appointed e-service provider in the caption of each filing.

17       9.   A brief description of any related cases pending in other courts or anticipated for

18   future filing.

19       10.  Whether there is insurance coverage for the dispute.

20       11.  A plan to preserve evidence, to deploy a uniform system for identification of

21   documents, and to protect confidentiality by, for example, executing a protective

22   order.

23       12.  A preliminary discovery plan, with dates, reflecting the parties' consideration of

24   phased discovery, e.g., limiting initial discovery to a significant or dispositive issue as

25   a predicate to an important early ruling or meaningful participation in an early

26   mediation.   In class actions, the parties should address whether discovery should

27   initially be limited to class certification issues.

28       13.  Where appropriate, the parties should outline a process for managing discovery of

electronically stored information (ESI) by, for example, scheduling a meeting among counsel and the parties' information technology consultants in order to address (1) the information management systems employed by the parties; (2) the location and custodian(s) of information likely to be subject to production (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; and (5) appropriate search criteria for focused requests.

14. Any proposed mechanism for and the timing of mediation and/or mandatory settlement conferences to assist in resolution of the case.

15. Any issues regarding publicity which the Court should consider.

16. Recommended dates and times for trial, filing of motions for class certification, alternative dispute resolution, and deadlines (and proposed briefing schedules) for filing other anticipated motions.

17. A recommended date for the next Status Conference.

## II.   Reminders And Other Information

1. It is the joint responsibility of counsel to file a joint status conference statement for all status conferences scheduled after the ISC, which statement shall be filed five (5) court days in advance of the status conference.

2. Counsel may secure dates for motions by calling the Courtroom Assistant. Counsel should have jointly discussed any likely contested motion with each other and the Court before it is filed so that, if possible, the matter may be resolved or narrowed by agreement or, if filed, an appropriate briefing schedule is set.

3. Unless otherwise ordered, counsel may appear remotely for all appearances.  Please be in a quiet place and note that a party speaking may not hear simultaneous speech in the courtroom.  Please speak slowly and pause frequently. Each counsel should advise the others at least 24 hours in advance as to whether an appearance will be remote or in

1    person.

2    4.    Any message on the message board for the Court should be joint and neutral in tone.

3          Absent good cause shown no unilateral postings are appropriate.

4    5.    In the ordinary course, discovery motions will not be heard without an Informal

5          Discovery Conference (IDC) pursuant to Cal. Code of Civ. Pro. § 2016.080. Counsel

6          may arrange for an IDC by jointly posting a request on the e-service provider's

7          message board. If all counsel are not in agreement, counsel may request an IDC by

8          filing LACIV094. Unilateral requests for IDC by message board are not appropriate.

9    6.    Specific direction as to the matters to be provided to the Court for the IDC and the

10         timing of same will be given at the time the IDC is arranged and may vary depending

11         on the nature of the dispute. Unless otherwise ordered, IDC are held by

12         LACourtConnect and off the record.

13   7.    It is the responsibility of all counsel to notify the Court promptly of any related case

14         and to secure a ruling thereon. See Cal. Rules of Court, Rule 3.300 et. seq. This

15         responsibility is on-going. A Notice of Related Case may be filed prior to the stay

16         being lifted in this action.

17   8.    Posting documents to the e-service provider does not constitute filing a document.

18         See the Minute Order for further terms re efiling.

19   9.    Counsel desiring a protective order should consult the model on the court's website

20         and provide a redlined copy if deviations are made from same. See "Helpful Guidance

21         From the Complex Litigation Judges" on the Complex Litigation webpage link

22         provided in the Minute Order.

23   10.   Any future stay ordered by the Court for purposes of case management is not a stay

24         under Code of Civil Procedure § 583.310 unless the Court so orders.

25   11.   The dismissal of a class action requires court approval. Cal. Rules of Court, Rule

26         3.770(a). Counsel must submit a declaration setting forth, among other things, the

27         reasons why a party seeks a dismissal in a class action and any and all consideration

28         given in exchange for the dismissal.

1    12.   Settlement of claims filed under the Private Attorney General Act (PAGA) (whether

2          or not filed as part of a class action) require notice to the Labor and Workforce

3          Development Agency. Labor Code § 2699 (l)(2).  A noticed hearing, with proof of

4          service to LWDA and a proposed Order, is required to secure approval of the

5          settlement of a PAGA claim.  Settlements that include dismissal of a PAGA claim

6          require that the Court be advised of the specific terms of any release of the PAGA

7          claim and the consideration, if any, for same.

8    13.   To obtain approval of a class action settlement, the parties should consult the

9          Guidelines for Motions for Preliminary and Final Approval posted on the court's

10         website under Tools for Litigators, as well as the posted model settlement agreements.

11         See the link to same in the Minute Order served concurrently herewith.

12

13   **III.   Notice of the ISC Order**

14        Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if

15   counsel is not known, on each defendant and file a Proof of Service with the court within seven (7)

16   days of the date of this Order.  If the Complaint has not been served as of the date of this Order,

17   plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date

18   of this Order.

19        Once served, each as yet non-appearing defendant shall file a Notice of Appearance

20   (identifying counsel by name, firm name, address, email address, telephone number and fax number).

21   The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or

22   procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-

23   complaint in this action.

24

25   DATED: 11/21/2023



     MAREN E. NELSON
26   Judge of the Los Angeles Superior Court
     Maren Nelson / Judge
27

28

6
ISC ORDER

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 17

**23STCV27571**                                                    November 21, 2023
**SUE SHIN,  vs SANYO FOODS CORP. OF AMERICA, et al.**                    10:34 AM

Judge: Honorable Maren Nelson              CSR: None
Judicial Assistant: Maribel Mata           ERM: None
Courtroom Assistant: None                  Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order re: Complex Determination

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has assigned this case to this department for all
purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of
service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
03/20/2024 at 09:00 AM in this department. At least ten (10) days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response
Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the
Court and the parties manage this complex case by developing an orderly schedule for briefing,
discovery, and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 17

**23STCV27571**                                                      November 21, 2023
**SUE SHIN,  vs SANYO FOODS CORP. OF AMERICA, et al.**                 10:34 AM

Judge: Honorable Maren Nelson               CSR: None
Judicial Assistant: Maribel Mata            ERM: None
Courtroom Assistant: None                   Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to
Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended
Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a
Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to
https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for
"Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's
First Amended General Order of May 3, 2019, particularly including the provisions therein
requiring Bookmarking with links to primary documents and citations; that Order is available on
the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every
new case to use an approved third-party cloud service that provides an electronic message board.
In order to facilitate communication with counsel prior to the Initial Status Conference, the
parties must sign-up with the e-service provider at least ten (10) court days in advance of the
Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and
parties to make audio or video appearances in Los Angeles County courtrooms.
LACourtConnect technology provides a secure, safe and convenient way to attend hearings
remotely. A key element of the Court's Access LACourt YOUR WAY program to provide
services and access to justice, LACourtConnect is intended to enhance social distancing and
change the traditional in-person courtroom appearance model. See
https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS")
portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the
Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1
is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own
arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information
on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

Minute Order                                                      Page 2 of 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 17

**23STCV27571**                                                    November 21, 2023
**SUE SHIN,  vs SANYO FOODS CORP. OF AMERICA, et al.**              10:34 AM

Judge: Honorable Maren Nelson               CSR: None
Judicial Assistant: Maribel Mata            ERM: None
Courtroom Assistant: None                   Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Law Office of Juan Hong<br>Juan Hong SBN 234046<br>4199 Campus Drive, Suite 550<br>Irvine, CA 92612<br>    TELEPHONE NO:                            FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  jhht2003@yahoo.com<br>ATTORNEY FOR *(Name)*:  *PLAINTIFF* | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>11/22/2023 10:45 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By S. Drew, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles |
|---|
| STREET ADDRESS:   111 North Hill Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:   Los Angeles, 90012 |
| BRANCH NAME:   Stanley Mosk Courthouse |

| PLAINTIFF / PETITIONER:   SUE SHIN, et al | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   SANYO FOODS CORP. OF AMERICA, et al | 23STCV27571 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>9920379 (21619701) |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [ ] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:   Notice of Case Assignment
3. a. Party served *(specify name of party as shown on documents served)*:
      SANYO FOODS CORP. OF AMERICA
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      CSC Lawyers Incorporating Service-Nicole Stauss - Person Authorized to Accept Service of Process
4. Address where the party was served:
   2710 Gateway Oaks Drive Suite 150N, Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
          receive service of process for the party (1) on *(date)*:   Tue, Nov 14 2023        (2) at *(time)*:   01:36 PM
   b. [ ] by substituted service. On *(date)*:                           at *(time)*:                           I left the documents listed in
          item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ]   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be
               served. I informed him or her of the general nature of the papers.
      (2) [ ]   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the
               party. I informed him or her of the general nature of the papers.
      (3) [ ]   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person
               to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the
               papers.
      (4) [ ]   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place
               where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
               from *(city)*:                                                      or [ ] a declaration of mailing is attached.
      (5) [ ]   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**PROOF OF SERVICE OF SUMMONS**

| PLAINTIFF / PETITIONER:  SUE SHIN, et al | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  SANYO FOODS CORP. OF AMERICA, et al | 23STCV27571 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
    (1)  on *(date)*:                   (2)  from *(city)*:
    (3)  ☐  with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  ☐  as an individual defendant.
    b.  ☐  as the person sued under the fictitious name of *(specify)*:
    c.  ☐  as occupant.
    d.  ☒  On behalf of *(specify)*:   SANYO FOODS CORP. OF AMERICA
        under the following Code of Civil Procedure section:

        ☒  416.10 (corporation)                   ☐  415.95 (business organization, form unknown)
        ☐  416.20 (defunct corporation)            ☐  416.60 (minor)
        ☐  416.30 (joint stock company/association)   ☐  416.70 (ward or conservatee)
        ☐  416.40 (association or partnership)      ☐  416.90 (authorized person)
        ☐  416.50 (public entity)              ☐  415.46 (occupant)
        ☐  other:

7.  **Person who served papers**
    a.  Name:               Tyler DiMaria
    b.  Address:         1400 N. McDowell Blvd., Suite 300 Petaluma, CA 94947
    c.  Telephone number:    800.938.8815
    d.  The fee for service was:   $50.00
    e.  I am:
        (1)  ☐  not a registered California process server.
        (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
        (3)  ☒  a registered California process server:
            (i)  ☐ owner   ☐ employee  ☒ independent contractor
            (ii)  Registration No:  2006-006
            (iii)  County:  Sacramento

8.  ☒  I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   November 14, 2023

Tyler DiMaria
_____
  (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc.- P000618
1400 N McDowell Blvd Suite 300
Petaluma, CA 94947
800-938-8815

_____
                  (SIGNATURE)

POS-050/EFS-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO: 234,046<br>NAME: JUAN HONG<br>FIRM NAME: LAW OFFICE OF JUAN HONG<br>STREET ADDRESS: 4199 CAMPUS DRIVE SUITE 550<br>CITY: IRVINE   STATE: CA   ZIP CODE: 92612<br>TELEPHONE NO.: (949) 334-7710   FAX NO. :<br>E-MAIL ADDRESS: jhong48@gmail.com<br>ATTORNEY FOR (name): Plaintiff SUE SHIN | FOR COURT USE ONLY<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>11/22/2023 10:49 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By S. Drew, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF/PETITIONER: SUE SHIN

DEFENDANT/RESPONDENT: SANYO FOODS CORP. OF AMERICA and TAKEO SATO

**PROOF OF ELECTRONIC SERVICE**

| | |
|---|---|
| CASE NUMBER:<br>23STCV27571 | |
| JUDICIAL OFFICER:<br>Hon. Maren Nelson | |
| DEPARTMENT:<br>17 | |

1. I am at least 18 years old.
   a. My residence or business address is (specify):
      4199 Campus Drive, Suite 550
      Irvine, CA92612
   b. My electronic service address is (specify):
      jhong48@gmail.com

2. I electronically served the following documents (exact titles):
   (1) 11/21/2023 MINUTE ORDER
   (2) CERTIFICATE OF MAILING
   (3) INITIAL STATUS CONFERENCE ORDER (COMPLEX CASES/CLASS ACTIONS)

   ☐ The documents served are listed in an attachment. (Form POS-050(D)/EFS-050(D) may be used for this purpose.)

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served: Caitlin C. Blanche, Ashley Song, Lea E. Gierut

   On behalf of (name or names of parties represented, if person served is an attorney):
   SANYO FOODS CORP. OF AMERICA, and TAKEO SATO

   b. Electronic service address of person served :
   Caitlin.Blanche@klgates.com, Ashley.Song@klgates.com, Lea.Gierut@klgates.com

   c. On (date): November 21, 2023

   ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
   (Form POS-050(P)/EFS-050(P) may be used for this purpose.)

Date: November 21, 2023

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

JUAN HONG
(TYPE OR PRINT NAME OF DECLARANT)

▶ _(signature)_
(SIGNATURE OF DECLARANT)

Page 1 of 1

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Law Office of Juan Hong<br>Juan Hong SBN 234046<br>4199 Campus Drive, Suite 550<br>Irvine, CA 92612<br>　　　TELEPHONE NO:　　　　　　　　　　　　　FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:　jhht2003@yahoo.com<br>ATTORNEY FOR *(Name)*:　*PLAINTIFF* | FOR COURT USE ONLY<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>11/22/2023 10:45 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By S. Drew, Deputy Clerk** |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF　Los Angeles<br>　STREET ADDRESS:　111 North Hill Street<br>　MAILING ADDRESS:<br>　CITY AND ZIP CODE:　Los Angeles, 90012<br>　BRANCH NAME:　Stanley Mosk Courthouse | |
| PLAINTIFF / PETITIONER:　SUE SHIN, et al<br>DEFENDANT / RESPONDENT:　SANYO FOODS CORP. OF AMERICA, et al | CASE NUMBER:<br>23STCV27571 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>9920379 (21619701) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [ ] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:　Notice of Case Assignment
3. a. Party served *(specify name of party as shown on documents served)*:
      SANYO FOODS CORP. OF AMERICA
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      CSC Lawyers Incorporating Service-Nicole Stauss - Person Authorized to Accept Service of Process
4. Address where the party was served:
   2710 Gateway Oaks Drive Suite 150N, Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:　Tue, Nov 14 2023　　(2) at *(time)*:　01:36 PM
   b. [ ] by substituted service. On *(date)*:　　　　　　　　at *(time)*:　　　　　　　　I left the documents listed in item 2 with or (in the presence of *(name and title or relationship to person indicated in item 3)*:

   　　(1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   　　(2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   　　(3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   　　(4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
   　　　　from *(city)*:　　　　　　　　　　　　　　　　　　or [ ] a declaration of mailing is attached.
   　　(5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Law Office of Juan Hong<br>Juan Hong SBN 234046<br>4199 Campus Drive, Suite 550<br>Irvine, CA 92612<br>　TELEPHONE NO:　　　　　　　　　FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:　jhht2003@yahoo.com<br>　ATTORNEY FOR *(Name)*:　Plaintiff | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>11/27/2023 12:42 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Covarrubias, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF　Los Angeles |
|---|
| 　STREET ADDRESS:　111 North Hill Street |
| 　MAILING ADDRESS: |
| 　CITY AND ZIP CODE:　Los Angeles, 90012 |
| 　BRANCH NAME:　Stanley Mosk Courthouse |

| PLAINTIFF / PETITIONER:　SUE SHIN, et al | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:　SANYO FOODS CORP. OF AMERICA, et al | 23STCV27571 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>9920380 (21619702) |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ Summons
   b. ☒ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) Package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-Complaint
   f. ☒ Other *(specify documents)*:　Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment
3. a. Party served *(specify name of party as shown on documents served)*:
   　TAKEO SATO
   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   11955 Monarch St, Garden Grove, CA 92841
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:　　　　　(2) at *(time)*:
   b. ☒ **by substituted service.** On *(date)*:　Mon, Nov 20 2023　　　at *(time)*:　03:21 PM　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
   　Danielle Harai, Person in Charge of Office
      (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
      　from *(city)*:　　　　　　　or ☒ a declaration of mailing is attached.
      (5) ☒ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:   SUE SHIN, et al | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   SANYO FOODS CORP. OF AMERICA, et al | 23STCV27571 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:         (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☒  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify):*

  c.  ☐  as occupant.

  d.  ☐  On behalf of *(specify):*

    under the following Code of Civil Procedure section:

    ☐  416.10 (corporation)              ☐  415.95 (business organization, form unknown)

    ☐  416.20 (defunct corporation)         ☐  416.60 (minor)

    ☐  416.30 (joint stock company/association)   ☐  416.70 (ward or conservatee)

    ☐  416.40 (association or partnership)     ☐  416.90 (authorized person)

    ☐  416.50 (public entity)              ☐  415.46 (occupant)

    ☐  other:

7.  **Person who served papers**

  a.  Name:  Michael Maher

  b.  Address:  1400 N. McDowell Blvd., Suite 300 Petaluma, CA 94947

  c.  Telephone number:  800.938.8815

  d.  **The fee** for service was:  $120.00

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☒  a registered California process server:

      (i)  ☐ owner   ☐ employee   ☒ independent contractor

      (ii)  Registration No:  6337

      (iii)  County:  Orange

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   November 27, 2023

Michael Maher
_____

  (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc.- P000618
1400 N McDowell Blvd Suite 300
Petaluma, CA 94947
800-938-8815

_____
                (SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: | SUE SHIN, et al | CASE NUMBER: |
|---|---|---|
| DEFENDANT / RESPONDENT: | SANYO FOODS CORP. OF AMERICA, et al | 23STCV27571 |

## DECLARATION OF DILIGENCE

(This form must be attached to another form or court paper before it can be filed in court.)

1) Unsuccessful Attempt: Nov 15, 2023, 10:15 am PST at Business: 11955 Monarch St, Garden Grove, CA 92841

Danielle Tiana, subject not there.
Asian female, 30-40, 5'4-7", 135-50 lbs, black hair and glasses.

2) Unsuccessful Attempt: Nov 16, 2023, 12:54 pm PST at Business: 11955 Monarch St, Garden Grove, CA 92841

They have a secured building and have to speak through an intercom.
Was told by a female voice that subject is not here. She would not confirm if subject works here or not.

3) Successful Attempt: Nov 20, 2023, 3:21 pm PST at Business: 11955 Monarch St, Garden Grove, CA 92841 received by Danielle Harai . Relationship: Person in Charge of Office;

Danielle harai Stated she is authorized to accept on subjects behalf.
Asian female, 30-40, 5'5-7", 145-60lbs, black hair and glasses.
**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:   November 27, 2023

Michael Maher
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for     ☐ Plaintiff     ☐ Petitioner     ☐ Defendant
☐ Respondent     ☒ Other *(Specify):* Process Server

MC-031

| PLAINTIFF / PETITIONER: | SUE SHIN, et al | CASE NUMBER: |
|---|---|---|
| DEFENDANT / RESPONDENT: | SANYO FOODS CORP. OF AMERICA, et al | 23STCV27571 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954.

On 11/15/2023, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

TAKEO SATO
11955 Monarch St
Garden Grove, CA 92841.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:   11/15/2023

Melissa Berry
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for    ☐ Plaintiff    ☐ Petitioner    ☐ Defendant
☐ Respondent    ☒ Other *(Specify):* InfoTrack USA