UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [12]

Before the Court is a motion to dismiss Plaintiff Sue Shin's ("Plaintiff") first amended complaint, filed by Defendant Sanyo Foods Corp. of America ("Sanyo Foods") and Defendant Takeo Sato ("Sato," and collectively with Sanyo Foods, "Defendants"). ECF No. 12. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

## I. Factual and Procedural Background

### A. Factual Allegations

Sanyo Foods "manufactures and sells Sapporo Ichiban packaged noodle products." Defs.' Mot. to Dismiss 1, ECF No. 12. Between August 2018 and December 2019, Plaintiff purchased two to ten packages of Sapporo Ichiban Miso Ramen per week from groceries and convenience stores in the Los Angeles area. Pl.'s Opp'n to Mot. to Dismiss 1, ECF No. 12. Eight of Sanyo Food's packaged noodle products, including the product purchased by Plaintiff, contain the ingredient palm oil. Notice of Removal, Ex. A (hereinafter "Compl."), ¶ 67, ECF No. 1-1. On the front of their packaging, these products

:

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

display the claim "0g Trans Fat." *Id.* ¶ 65. Plaintiff allegedly relied on this claim when making her purchases. *Id.* ¶ 7.

In December 2019, Plaintiff came to believe that Sanyo Food's products contained "more than 0g but less than .5g of trans fat."[1] *Id.* ¶ 38. As evidence of the existence of trans fat in Sanyo's products, Plaintiff refers to a notice, published by the Food and Drug Administration, stating that "all refined edible oils contain some trans fat." *Id.* ¶ 67 (citing Final Determination Regarding Partially Hydrogenated Oils, 80 Fed. Reg. 34650 (June 17, 2015)). Plaintiff alleges that the palm oil in Sanyo Food's products is refined, and therefore must contain some trans fat. *Id*.

Plaintiff further alleges that, in November 2022, Defendants "knew and should have known" via laboratory testing that Sanyo Foods' products contain more than zero grams of trans fat per serving. *Id.* ¶ 23. In making this allegation, Plaintiff refers to a test conducted by Sanyo Foods in October 2022.[2] Pl.'s Opp'n to Mot. to Dismiss, Ex. 2, ECF No. 15. For each of the twelve products tested, the amount of trans fat was recorded as "<0.10g/100g." *Id.* Defendants contend that the minimum amount of trans fat which a test of this type can detect is one tenth of a gram. Defs.' Reply in Support of Mot. to Dismiss 2, ECF No. 18. In other words, the test is not precise enough to differentiate between zero and one tenth of a gram of trans fat. Therefore, the test may or may not have revealed that trans fat is present in Sanyo Food's products.

Lastly, the Sanyo Foods products referred to in the complaint do not feature a label directing consumers to "see nutrition information for total fat, saturated fat, and sodium contents," despite containing elevated amounts of those nutrients. Compl. ¶ 63. Plaintiff maintains that she would not have purchased Sanyo Foods' products if they had featured such a label. *Id*.

---

[1] Plaintiff does not explain how she came this realization.
[2] Plaintiff provides no further context on these laboratory tests.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

### B. Procedural History

On August 17, 2022, Plaintiff filed a complaint in the Superior Court of the State of California, County of Los Angeles, against Sanyo Foods, which she amended on December 12, 2022. Defs.' Request for Jud. Notice 3, ECF No. 13. The Amended complaint stated four causes of action: two violations of California's Unfair Competition Law ("UCL"); a violation of California's False and Misleading Advertising Law ("FAL"); and a violation of California's Consumers Legal Remedies Act ("CLRA"). Defs.' Request for Jud. Notice, Ex. B, ¶¶ 69–93, ECF No. 13. On October 5, 2023, Plaintiff sought the State court's leave to convert her action into a class action. Defs.'s Request for Jud. Notice 3, ECF No. 13; Defs.' Mot. to Dismiss 3–4, ECF No. 12. Leave to amend was denied by the State court on the grounds that expanding the litigation to a class action would "result in prejudice to Defendant in the form of an exponential increase in the costs to defend [the] action." Defs.' Mot. to Dismiss 4, ECF No. 12.

Subsequently, Plaintiff filed this class action in the Superior Court of the State of California, County of Los Angeles, on November 9, 2023. Notice of Removal ¶ 3, ECF No. 1. In addition to the causes of action listed above, Plaintiff has introduced five additional claims: unjust enrichment; fraudulent misrepresentation; negligent misrepresentation; breach of express warranty; and breach of implied warranty of merchantability. Compl. ¶¶ 91–155. Defendant removed the case to federal court on December 14, 2023. Notice of Removal, ECF No. 1.

### II. Legal Standard—Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the

|   | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### III. Discussion

#### A. Plaintiff Has Article III Standing Because She Has Plausibly Pled an Injury in Fact

"The question of whether a party has standing to sue under Article III is a threshold issue that must be addressed before turning to the merits of a case." *Shulman v. Kaplan*, 58 F.4th 404, 407 (9th Cir. 2023) (citing *Horne v. Flores*, 557 U.S. 433, 445 (2009)). "When assessing a party's standing at the pleading stage, we accept all facts alleged in the complaint as true." *Id.* at 408 (citing *Vaughn v. Bay Env't Mgmt. Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009)).

Standing requires three elements: an "injury in fact," a causal connection between the injury and the defendant's conduct, and the "likelihood that the requested relief will redress the alleged injury." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). Only the injury in fact requirement is at issue here; Defendants argue that Plaintiff does not have standing to sue for lack of a "concrete and particularized" injury. Defs.' Mot. to Dismiss 14, ECF No. 12. Specifically, Defendants' contention is that allegations of trans fat in Sanyo Foods' products are hypothetical or otherwise unsupported by fact. *Id.* at 4–7. Therefore, any injury sustained by Plaintiff is also hypothetical. *Id.*

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|

| Title | *Sue Shin v. Sanyo Foods Corp. of America* |
|---|---|

An injury in fact must be concrete and particularized, . . . actual or imminent, [and] not conjectural or hypothetical." *Steel Co.*, 523 U.S. at 102. To be concrete and particularized, the injury must be real and must affect the plaintiff in a personal way. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016). Further, "[t]he claimed injury need not be great or substantial; an 'identifiable trifle', if actual and genuine, gives rise to standing." *Conservation Council of N.C. v. Costanzo*, 505 F.2d 498, 501 (4th Cir. 1974) (citing *United States v. SCRAP*, 412 U.S. 669, 687-689, n.14 (1973).

In the context of false advertising, economic injury sustained as the result of transactions with the defendant constitute an "injury in fact" sufficient to satisfy the standing requirement. *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013). A "consumer who relies on a product label and challenges a misrepresentation contained therein can satisfy" this requirement "by alleging that he or she would not have brought the product but for the misrepresentation." *Id.*

Here, Plaintiff alleges that she relied on the "0g Trans Fat" label on the front of the package when purchasing Defendant's product. Compl. ¶¶ 38, 46. She lists palm oil as an ingredient in Defendant's product, and identifies it as a "refined, bleached, [and] deodorized" oil. *Id.* ¶¶ 32–33, 67 (citing Dr. Guy Crosby, *Ask the Expert: Concerns About Canola Oil*, Harvard T.H. Chan School of Public Health, https://nutritionsource.hsph.harvard.edu/2015/04/13/ask-the-expert-concerns-about-canola-oil (https://perma.cc/UT3G-PKRS). She then cites to a determination authored by the Food and Drug Administration, stating that "all refined edible oils contain some trans fat as an unintentional byproduct of their manufacturing process." *Id.* ¶ 34 (citing Final Determination Regarding Partially Hydrogenated Oils, 80 Fed. Reg. 34650 (June 17, 2015)). Because Plaintiff has alleged that the product contained refined palm oil, and that all refined edible oils contain trans fat, it is plausible that the products in question contain trans fat. And because Plaintiff has alleged that she would not have bought the product but for the potential misrepresentation, she has plausibly pled an "injury in fact" sufficient to establish standing.

### B. Defendants' Arguments Related to a Reasonable Consumer's Confusion Are Not Well-Suited to a Motion to Dismiss

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

"Under the FAL, the CLRA, and the fraudulent prong of the UCL, conduct is considered deceptive or misleading if the conduct is likely to deceive a reasonable consumer." *Davis v. Rebel Creamery LLC*, No. 22-cv-04111-TSH, 2023 U.S. Dist. LEXIS 49642, 2023 WL 2620900, at *17 (N.D. Cal. Mar. 23, 2023) (internal quotations omitted) (quoting *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1063 (N.D. Cal. 2017)). "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Lavie v. Procter & Gamble Co.*, 129 Cal. Rptr. 2d 486, 495 (Cal. Ct. App. 2003). "Rather, the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*

Defendants argue that their products are unlikely to deceive a reasonable consumer. In so arguing, Defendants ask the Court to weigh evidence in a manner not befitting a motion to dismiss. Specifically, Defendants ask the Court to conclude that there are, at most, only "microscopic traces of trans fat molecules" in its products. Defs.' Mot. to Dismiss 7, ECF No. 12. From that conclusion, Defendants argue that (1) "a reasonable consumer does not interpret '0g' as promising the complete absence, down to a microscopic level, of any molecule of the nutrient at issue," and (2) "[e]ven assuming arguendo that the Products contain traces of trans fat molecules (which Defendants deny), no reasonable consumer would consider these amounts a material concern." *Id.* at 7, 8. Defendants may be entirely correct in their arguments about how consumers view trace amounts of cross-contaminants, but to reach that argument, the Court would have to conclude that Defendants' products contain only such minimal levels of trans fat. Such a conclusion is procedurally improper at the motion to dismiss stage. Defendants' arguments are better suited to a motion for summary judgment with a more developed evidentiary record.

### C. Plaintiff's Unjust Enrichment Claim is Really a Quasi-Contract Claim, Which Is Not Barred by Her Express Warranty Claim

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

### i. The Court Construes Plaintiff's Unjust Enrichment Claim as a Quasi-Contract Claim

"Some California courts allow a plaintiff to state a cause of action for unjust enrichment, while others have maintained that California has no such cause of action." *ESG Capital Partners, L.P. v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016). "While California case law appears unsettled on the availability of such a cause of action, [the Ninth] Circuit has construed the common law to allow an unjust enrichment cause of action through quasi-contract." *Id.* Therefore, "[w]hen a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citing *Rutherford Holdings, LLC v. Plaza Del Rey*, 166 Cal. Rptr. 3d 864, 872 (Cal. App. 2014)). "Quasi-contract claims require the plaintiff to show '(1) a defendant's receipt of a benefit and (2) unjust retention of that benefit at the plaintiff['s] expense." *Mendoza v. Procter & Gamble Co.*, No. CV 23-1382-DMG (JPRx), __ F. Supp. 3d __, 2023 U.S. Dist. LEXIS 228913, 2023 WL 8860900, at *18 (C.D. Cal. Dec. 20, 2023) (citing *MH Pillars Ltd. v. Realini*, 277 F. Supp. 3d 1077, 1094 (N.D. Cal. 2017)).

Defendants incorrectly argue that the Court should dismiss Plaintiff's unjust enrichment claim because there is no standalone unjust enrichment claim in California. Defs.' Mot. to Dismiss 12, ECF No. 12. For the reasons articulated above, the Court rejects Defendants' argument and instead construes Plaintiff's claim as a quasi-contract claim.

### ii. Plaintiff's Quasi-Contract Claim Is Not Barred by Her Express Warranty Claim

While there is generally no bar to bringing multiple or even inconsistent claims, *see Astiana*, 783 F.3d at 762–63 (citing Fed. R. Civ. P. 8(d)(2)), "under California law 'there cannot be a claim based on quasi contract where there exists between the parties a valid express contract covering the same subject matter.'" *Smith v. Allmax Nutrition, Inc.*, No. 1:15-cv-00744-SAB, 2015 U.S. Dist. LEXIS 171897, 2015 WL 9434768, at *28 (E.D. Cal. Dec. 23, 2015) (quoting *Cheung v. Wells Fargo Bank, N.A.*, 987 F. Supp.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

2d 972, 979 (N.D. Cal. 2013); also citing *Zepeda v. PayPal, Inc.*, 777 F. Supp. 2d 1215, 1223 (N.D. Cal. 2011); *Raisin Bargaining Ass'n v. Hartford Cas. Ins. Co.*, 715 F. Supp. 2d 1079, 1090 (E.D. Cal. 2010); *Gerlinger v. Amazon.Com, Inc.*, 311 F.Supp.2d 838, 856 (N.D. Cal. 2004)). Courts have reconciled this tension by ruling that "a plaintiff may not plead the existence of an enforceable contract and simultaneously maintain a quasi-contract claim unless the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid." *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 998 (N.D. Cal. 2020) (citing *Klein v. Chevron U.S.A., Inc.*, 137 Cal. Rptr. 3d 293, 332–33 (Cal. Ct. App. 2012); *see also Vizcarra v. Michaels Stores, Inc.*, No. 23-cv-00468-PCP, __ F. Supp. 3d __, 2024 U.S. Dist. LEXIS 2970, 2024 WL 64747, at *27 (N.D. Cal. Jan. 5, 2024); *Caldwell v. Nordic Naturals, Inc.*, No. 23-cv-02818-EMC, __ F. Supp. 3d __, 2024 U.S. Dist. LEXIS 451, 2024 WL 24325, at *40–41 (N.D. Cal. Jan. 2, 2024).

Here, however, Plaintiff has not alleged the existence of an express agreement.[3] In other cases, the existence of an express agreement has been inferred from a direct sale between a buyer and seller pursuant to the California Commercial Code. *See, e.g.*, *Smith*, 2015 U.S. Dist. LEXIS 171897, 2015 WL 9434768, at *28 (citing *Gerlinger v. Amazon.com, Inc.*, 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004)). But because Plaintiff did not purchase the goods in question directly from Sanyo Foods, there is no express

---

[3] Perhaps surprisingly, an express agreement is not necessarily required for an express warranty claim. "To prevail on a breach of express warranty claim under California law, a plaintiff must prove that: '(1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached.'" *In re ConAgra Foods*, 90 F. Supp. 3d at 984 (citing *Allen v. ConAgra Foods, Inc.*, Case No. 13-cv-01279-JST, 2013 U.S. Dist. LEXIS 125607, 2013 WL 4737421, at *11 (N.D. Cal. Sept. 3, 2013)). Typically, contractual privity is also required for a party to maintain a warranty claim under California law. *Clemens v. DaimlerChrysler Corp.*, 530 F.3d 852, 858 (9th Cir. 2008) ("In California, a plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant.") (citing *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1141 (C.D. Cal. 2005)). "Thus, an end consumer . . . who buys from a retailer is not in privity with a manufacturer." *Id.* (citing *Osborne v. Subaru of Am. Inc.*, 243 Cal. Rptr. 815, 820 n.6 (Cal. Ct. App. 1988)). However, the California Supreme Court has recognized limited exceptions to the privity requirement, including in cases "when the plaintiff relies on written labels or advertisements of a manufacturer." *Id.* (citing *Burr v. Sherwin Williams Co.*, 268 P.2d 1041, 1048–49 (Cal. 1954)). A separate exception likewise waives the privity requirement in the case of foodstuffs. *Klein v. Duchess Sandwich Co.*, 93 P.2d 799, 801 (Cal. 1939).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

agreement between Plaintiff and Defendants. Therefore, Plaintiff's quasi-contract claim is not barred by her express warranty claim.

Defendants also argue that Plaintiff has failed to allege a breach of express warranty because she has failed to plausibly allege that Sanyo Food's products contain trans fat. The Court has already rejected this argument in Section III-A *supra* and rejects it once again here.

### D. The Statute of Limitations Bars Plaintiff's FAL, CLRA, and Unjust Enrichment Claims

"In a federal diversity action brought under state law, the state statute of limitations governs." *Rushing v. Williams-Sonoma, Inc.*, No. 16-cv-01421-WHO, 2022 U.S. Dist. LEXIS 128861, 2022 WL 2833980, at *10 (N.D. Cal. July 20, 2022) (citing *Simpson v. Robert Bosch Tool Corp.*, No. 12-cv-05379-WHO, 2014 U.S. Dist. LEXIS 29965, 2014 WL 985067, at *2 (N.D. Cal. Mar. 7, 2014); *Wakefield v. Wells Fargo & Co.*, No. 13-cv-05053-LB, 2014 U.S. Dist. LEXIS 144142, 2014 WL 5077134, at *8 (N.D. Cal. Oct. 9, 2014)). "In California, the statute of limitations is three years for CLRA, FAL, and unjust enrichment claims, and four years for UCL claims." *Id.* (citing Cal. Civ. Code § 1783; Cal. Code Civ. P. §§ 338(a), (d); Cal. Bus. & Prof. Code § 17208; *Plumlee v. Pfizer, Inc.*, No. 13-cv-00414-LHK, 2014 U.S. Dist. LEXIS 23172, 2014 WL 695024, at *7 (N.D. Cal. Feb. 21, 2014)).

Defendants point out that some of Plaintiff's claims are time barred.[4] Defs.' Mot. to Dismiss 12, ECF No. 12. Plaintiff alleges that she purchased Sanyo Foods' products from August 2018 to December 2019, at which point she learned that the Products contained some amount of trans fat. Courts evaluating statute of limitations for similar claims often look to the date of last purchase as "the last date on which Plaintiff could have suffered her alleged economic injury, and the last date on which her claims could have accrued." *Plumlee v. Pfizer, Inc.*, No. 13-CV-00414-LHK, 2014 U.S. Dist. LEXIS 23172, 2014 WL

---

[4] Defendants fail to point out that Plaintiff's unjust enrichment claim is also time barred. The Court analyzes the claim all the same. Even if the Court declined to do so, Plaintiff concedes that the claim should be dismissed. *See* Section IV-K *infra*.

:

Initials of Preparer          PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

695024, at *24 (N.D. Cal. Feb. 21, 2014), *aff'd*, 664 Fed.Appx. 651 (9th Cir. 2016).[5] Plaintiff's complaint was filed on November 9, 2023 – nearly four years after she allegedly learned of the presence of trans fat in Sanyo Foods' products and made her final purchase. On that basis, Plaintiff's FAL, CLRA, and unjust enrichment claims are time barred.

Plaintiff's opposition argues that she did know that Sanyo Foods knew or should have known of the presence of trans fat in its products until November 2022. Plaintiff's knowledge of Sanyo Foods' knowledge is irrelevant to when her claims accrued. Moreover, Plaintiff's complaint links the date of her final purchase of Sanyo Foods' products to her discovery that they contained trans fats, so the delayed discovery rule is inapposite. *Plumlee*, 2014 U.S. Dist. LEXIS 23172, 2014 WL 695024, at *26–33 (evaluating delayed discovery rule in the context of a plaintiff who made her last purchase of defendant's goods in 2008 but learned of their inefficacy in 2012).

For these reasons, Plaintiff's FAL, CLRA, and unjust enrichment claims are dismissed.

### E. Plaintiff's Breach of Implied Warranty of Merchantability Claim Does Not Require an Allegation of Contractual Privity

"The California Commercial Code implies a warranty of merchantability that goods '[a]re fit for ordinary purposes for which such goods are used.'" *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) (quoting Cal. Com. Code § 2314(2)(c)). "The implied warranty 'provides for a minimum level of quality.'" *Id.* (quoting *Am. Suzuki Motor Corp. v. Superior Ct.*, 44 Cal. Rptr. 2d 526, 529 (Cal. Ct. App. 1995)). "[A] breach of the implied warranty of merchantability means the product did not possess even the most basic degree of fitness for ordinary use." *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406, 7 Cal. Rptr. 3d 546, 549 (Cal. Ct. App. 2003) (citing Cal. Com. Code § 2314(2)). The California

---

[5] Because Plaintiff purchased her last Sanyo Foods product in 2019, the Court agrees with Defendants that the continuing violation doctrine is not applicable. Defs.' Reply ISO Mot. to Dismiss 7, ECF No. 18. However, Plaintiffs did not mention that doctrine in their opposition.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

Commercial Code also requires merchantable goods to "[c]onform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

Defendants incorrectly argue that Plaintiff's implied warranty of merchantability claim should be dismissed because Sanyo Food's products are fit for ordinary consumption. Defs.' Mot. to Dismiss 15, ECF No. 12. Courts routinely deny motions to dismiss implied warranty of merchantability claims when products' labels falsely allege the absence of existing ingredients. *See Scott v. Saraya USA, Inc.*, 675 F. Supp. 3d 1040, 1045, 1049–51 (N.D. Cal. 2023) (denying dismissal of implied warranty claim where granola sweetened with sugar was labeled "no sugar added."); *LeGrand v. Abbott Lab'ys*, 655 F. Supp. 3d 871, 897 (N.D. Cal. 2023) (explaining that making false claims on a product's package is sufficient to breach the implied warranty of merchantability); *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1118 (S.D. Cal. 2011) (permitting an implied warranty of merchantability claim under the theory that the food product was mislabeled as healthy even if it was fit for the ordinary purpose of consumption); *Augustine v. Talking Rain Beverage Co., Inc.*, 386 F. Supp. 3d 1317, 1322, 1332–33 (S.D. Cal. 2019) (denying dismissal where an artificially flavored beverage's label implied no artificial flavors were used). "Because [Plaintiff's] express warranty claim may proceed, her implied warranty claim may as well." *Scott*, 675 F. Supp. 3d at 1051 (citing *Kennard v. Kellogg Sales Co.*, No. 21-CV-07211-WHO, 2022 U.S. Dist. LEXIS 166431, 2022 WL 4241659, at *8 (N.D. Cal. Sept. 14, 2022)).

Defendants likewise wrongly argue that implied warranty of merchantability claims under California law require privity between a plaintiff and defendant. Defs.' Mot. to Dismiss 15, ECF No. 12. "For the implied warranty of merchantability, the vertical privity requirement is excused with respect to manufacturers of foodstuffs . . . ." *Warnshuis v. Bausch Health U.S., LLC*, No. 1:19-CV-1454 AWI BAM, 2020 U.S. Dist. LEXIS 231471, 2020 WL 7239588, at *10 (E.D. Cal. Dec. 8, 2020) (footnote omitted); *see also Clemens*, 534 F.3d 1017, 1023 (9th Cir. 2008) (noting that an exception to the privity requirement for an implied warranty of merchantability claim arises in "cases involving foodstuffs"); *Klein*, 93 P.2d 799, 804 ("A manufacturer who puts upon the market food intended for human consumption in a sealed bottle or original package is held to represent to each purchaser, even though the purchase is made through a dealer, that the contents thereof are wholesome and suitable for the purpose for which they are sold.").

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

Because there is no privity requirement for implied warranty of merchantability claims directed towards foodstuffs, Defendants' argument fails and Plaintiff's claim survives.

### F. Plaintiff's Complaint Satisfies Rule 9(b)'s Heightened Pleading Standard

"Rule 9(b) requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud . . . .'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (internal quotations and alterations omitted) (citing *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

Here, Defendants argue only that Plaintiff's fraudulent misrepresentation, negligent misrepresentation, FAL, UCL, and CLRA claims fail to satisfy Rule 9(b)'s heightened pleading requirement. However, Plaintiff's entire complaint sounds in fraud and therefore her entire complaint must satisfy Rule 9(b)'s heightened standard. *Kearns*, 567 F.3d at 1125 (citing *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1404–05 (9th Cir. 1996); *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1223 (1st Cir. 1996)) ("In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).").

Plaintiff's complaint satisfies Rule 9(b). Plaintiff identifies the key challenged statements, the products on which those statements appeared, and the time period in which she bought the challenged products. Defendants point out various gaps, such as Plaintiff's failure to identify how she came to learn that Defendants' products allegedly contain trans fats and where she purchased the products, but these gaps do not doom the complaint. *Davis*, 2023 U.S. Dist. LEXIS 49642, 2023 WL 2620900, at *13–14

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|

| Title | *Sue Shin v. Sanyo Foods Corp. of America* |
|---|---|

(Rule 9(b) satisfied where a complaint "identif[ies] the allegedly misleading statements on the Product labeling and explain[s] the basis for arguing they are misleading"); *Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111, 1126 (N.D. Cal. 2010) (Rule 9(b) satisfied where "plaintiffs have identified the particular statements they allege are misleading, the basis for that contention, where those statements appear on the product packaging, and the relevant time period in which the statements were used"); *cf.* (Rule 9(b) not satisfied where "[p]laintiffs allege that Defendants made false and misleading statements about a variety of their products, but at no point in their 53-page, 252-paragraph FAC do Plaintiffs provide details about those products, or about the advertisements and websites they frequently quote to support their claims").

### G. The Economic Loss Rule Does Not Bar Plaintiff's Negligent Misrepresentation Claim

"The economic loss rule bars actions for negligence to recover purely economic losses in the absence of: '(1) personal injury, (2) physical damage to property, (3) a special relationship existing between the parties, or (4) some other common law exception to this rule.'" *Ashton v. J.M. Smucker Co.*, No. EDCV 20-992 JGB (SHKx), 2020 U.S. Dist. LEXIS 250428, 2020 WL 8575140, at *37 (C.D. Cal. Dec. 16, 2020) (quoting *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 820 (N.D. Cal. 2014)). "It also bars recovery under tort law where the claim relies on substantially similar allegations as breach of warranty claims." *Id.*

Defendants invoke the economic loss rule to challenge Plaintiff's negligent misrepresentation claim. Defs.' Mot. to Dismiss 14, ECF No. 12. Defendants cite *Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys.* for this proposition, but *Kalitta* says the exact opposite: "We hold that California law classifies negligent misrepresentation as a species of fraud . . . for which economic loss is recoverable." 315 F. App'x 603, 607 (9th Cir. 2008) (citing *Bily v. Arthur Young & Co.*, 834 P.2d 745, 768 (Cal. 1992); *Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268, 275 & n.7 (Cal. 2004)). *See also Ashton*, 2020 U.S. Dist. LEXIS 250428, 2020 WL 8575140, at *37–38 (citing "many decisions" that have held that the economic loss rule does not bar negligent misrepresentation claims because they are a species of fraud).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

### H. Plaintiff's State UCL Claims Are Not Preempted by the FDCA

"Federal regulations can preempt state law." *Assurance Wireless USA, L.P. v. Reynolds*, 100 F.4th 1024, 1031 (9th Cir. 2024). "Preemption derives from the Supremacy Clause, which 'invalidates state laws that interfere with, or are contrary to federal law.'" *Jones v. Google LLC*, 73 F.4th 636, 641 (9th Cir. 2023) (quoting *Hillsborough Cnty. v. Automated Med. Lab'ys, Inc.*, 471 U.S. 707, 712–13 (1985)).

Preemption "comes in three forms: express preemption, field preemption, and conflict preemption." *Ass'n des Éleveurs de Canards et d'Oies du Québec v. Bonta*, 33 F.4th 1107, 1113-14 (9th Cir. 2022) (citing *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1022 (9th Cir. 2013). "Express preemption arises 'when the text of a federal statute explicitly manifests Congress's intent to displace state law.'" *Id.* at 1114 (citing *Valle de Sol*, 732 F.3d at 1022). "Field preemption prohibits state regulation of 'conduct in a field that Congress, acting within its proper authority, has determined must be regulated by its exclusive governance.'" *Id.* (quoting *Valle de Sol*, 732 F.3d at 1022). "And even where Congress has not occupied the field, conflict preemption arises when state law conflicts with a federal statute." *Id.* (citing *Valle de Sol*, 732 F.3d at 1023).

Here, the relevant statutes which implicate a preemption analysis are the Food, Drug, and Cosmetics Act of 1938 (the "FDCA"), the Nutrition Labeling and Education Act of 1990 (the "NLEA"), California's Unfair Competition Law, and California's Sherman Law.

At the federal level, the FDCA "gives the [Food and Drug Administration ("FDA")] the responsibility to protect the public health by ensuring that 'foods are safe, wholesome, sanitary, and properly labeled' . . . ." *Lockwood v. Conagra Foods, Inc.*, 597 F. Supp. 2d 1028, 1030 (N.D. Cal. 2009) (quoting 21 U.S.C. § 393(b)(2)(A)). The NLEA "amended the FDCA . . . to include additional food labeling requirements." *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1071 (N.D. Cal. 2017). "Part of the NLEA's purpose was also to 'create uniform national standards regarding the labeling of food.'" *Id.* (citing *In re Farm Raised Salmon Cases*, 175 P.3d 1170, 1175 (Cal. 2008)). "In furtherance of the NLEA's aim of promoting uniform national labeling standards, the NLEA includes an explicit preemption

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|

| Title | *Sue Shin v. Sanyo Foods Corp. of America* |
|---|---|

provision, codified at 21 U.S.C. § 343-1(a), which states that 'no State . . . may directly or indirectly establish . . . any requirement . . . made in the labeling of food that is not identical to' certain specified FDA labeling requirements." *Id.* (citing 21 U.S.C § 343-1(a)).

At the state level, California's Sherman Law adopted in full the labeling regulations promulgated by the FDA. *E.g.*, Cal. Health & Safety Code § 110100 ("All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food labeling regulations of this state."). "Because the Sherman Law incorporates all the federal food labeling requirements, it is 'identical' to federal standards and not expressly preempted. It is expressly permitted." *Davidson v. Sprout Foods, Inc.*, 106 F.4th 842, 848 (9th Cir. 2024) (citing 21 U.S.C. § 343-1). Moreover, the Ninth Circuit has recently clarified that "the FDCA does not impliedly preempt private enforcement of the Sherman Law." *Id.* at 852. Private claims alleging violations of the Sherman Law are brought under California's Unfair Competition Law ("UCL"). *See* Cal. Bus. & Prof. Code § 17200.

The parties' briefs (and Plaintiff's complaint) obscure that Plaintiff has alleged two distinct theories by which Sanyo Foods' products violate FDA regulations and thus violate California's Sherman Law. First, Plaintiff alleges that the inclusion of the statement "0g Trans Fat" violates both 21 C.F.R. § 101.13(i)(3) and § 101.62(a)(1)–(2). Compl. ¶¶ 54–58, 92. Second, Plaintiff alleges that the failure to include a disclosure statement related to high levels of fat and sodium violated 21 C.F.R. § 101.13(h). Compl. ¶¶ 59–63, 93.

In light of the Ninth Circuit's clear guidance in *Davidson*, Defendants' preemption arguments fail. Alongside their preemption arguments, Defendants also argue that their products do not violate the regulations in question because their "0g Trans Fat" claim is truthful. At the motion to dismiss posture, the Court must take Plaintiff's well-pleaded allegation that trans fat is present in Defendants' products as true. For that reason, these arguments likewise fail.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

### I. Plaintiff Has Not Pled Facts Sufficient to Plausibly Establish Takeo Sato's Liability

A prima facie case against a corporate officer can be established when a plaintiff "introduces evidence sufficient to warrant a finding by the trier of the facts that the defendant had, by reason of his position in the corporation, responsibility and authority" to prevent or correct the violation "and that he failed to do so." *United States v. Park*, 421 U.S. 658, 673–674 (1975). Guilt should not be based solely on an individual's position within a company. *See id.* at 674.

In a similar case, the president of a juice company was found liable for false advertising under §§ 17200 and 17500 of the California Business and Professions Code when the company advertised their product as being sugar free. *POM Wonderful LLC v. Purely Juice, Inc.*, 362 Fed. App'x 577, 579, 581 (9th Cir. Dec. 28, 2009). However, the president's "direct involvement in the manufacturing and marketing process," as well as his role in selecting the company's suppliers, were significant factors in the court's finding that he had actual or constructive knowledge of the false advertising, which spoke to his liability. *Id.* at 581.

Here, unlike in *POM*, there are no facts alleged which suggest that Sato had the responsibility or authority to prevent or correct the violation, aside from his position as general manager and a conclusory allegation of responsibility. Notice of Removal, Ex. A (Compl.) ¶ 16, ECF No. 1-1. Therefore, Plaintiff's complaint fails to plausibly implicate Takeo Sato and the Court DISMISSES him from the case.

### J. The *Colorado River* Factors Do Not Justify a Stay of This Case

Generally speaking, "the pendency of an action in state court is no bar to proceedings concerning the same matter" in federal court. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). However, in the interests of "wise judicial administration [regarding the] conservation of judicial resources and [the] comprehensive disposition of litigation," federal courts may occasionally stay or dismiss proceedings when there is duplicative litigation pending in state court. *Id.* Because federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *id.*,

|   | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|

| Title | *Sue Shin v. Sanyo Foods Corp. of America* |
|---|---|

"'exceptional circumstances' must exist for a federal court to surrender [that] jurisdiction." *Owen v. Labor Ready Inc.*, 146 F. App'x 139, 141–142 (9th Cir. 2005). Indeed, only the "clearest of justifications" can support dismissal. *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011). To determine whether exceptional circumstances exist, courts employ the *Colorado River* balancing factors. *Owen*, 146 F. App'x at 141–42.

In *Colorado River*, the Supreme Court "listed four factors a federal court may consider in determining whether to stay or dismiss an action pending the outcome of a concurrent state proceeding: (1) whether the state court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums." *Owen*, 146 Fed. App'x at 142 (citing *Colorado River*, 424 U.S. at 818–19). "In *Moses H. Cone*, the Court added two other factors: (5) whether federal or state law provides the rule of decision on the merits; and (6) whether the state court proceedings are inadequate to protect the federal litigant's rights." *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23, 26 (1983)). The 9th Circuit has considered two additional factors: "(7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." *R.R. St.* 656 F.3d at 979. "The factors relevant to a given case are subjected to a flexible balancing test, in which one factor may be accorded substantially more weight than another depending on the circumstances of the case, and *with the balance heavily weighted in favor of exercising jurisdiction*." *Owen*, 146 F. App'x at 142 (quoting *Holder v. Holder*, 305 F.3d 854, 870–71 (9th Cir. 2002)) (emphasis added).

At first glance, the *Colorado River* factors point in both directions. The following factors support a stay. First, the Los Angeles County Superior Court obtained jurisdiction over Plaintiff's individual state action fourteen months before the instant case was removed (factor 4). Defs.' Mot. to Dismiss 3, ECF No. 12. Second, all nine causes of action are based in state law (factor 5). *See* Compl. ¶ 8. However, other considerations weigh against a stay. The State court has not assumed jurisdiction over property (factor 1). This federal forum is not inconvenient for Plaintiff, who is already litigating her State court action in the Los Angeles area (factor 2). There are no forum shopping considerations here (factor seven);

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

Plaintiff filed her action in State court and Defendants removed it to federal court. And lastly, the State court action will not resolve all issues before this Court (factor 8). This factor alone can be dispositive. *AIIRAM LLC v. KB Home*, No. 19-CV-00269-LHK, 2019 U.S. Dist. LEXIS 136744, 2019 WL 3779185, at *12 (N.D. Cal. Aug. 12, 2019).

Other courts have persuasively determined that a *Colorado River* stay was not appropriate in similar factual situations. A *Colorado River* stay "is generally appropriate where identical class actions are proceeding simultaneously in the state and federal courts." *AIIRAM*, 2019 U.S. Dist. LEXIS 136744, 2019 WL 3779185, at *13 (quoting *Weitzner v. Sanofi Pasteur, Inc.*, 2012 U.S. Dist. LEXIS 67016, 2012 WL 1677340, at *5 (M.D. Pa. May 14, 2012)). But here, the state court action is a suit by a singular plaintiff while this action is a proposed class action. The Court therefore follows the lead of the *AIIRAM* court, which evaluated "a putative class action in federal court involving the same parties as an individual action in state court . . . and concluded that a Colorado River stay was not merited." *Id.* (citing *Weitzner*, 2012 U.S. Dist. LEXIS 67016, 2012 WL 1677340, at *5). Because this case parallels that described in *AIIRAM* and *Weitzner*, the Court declines Defendants' request for a *Colorado River* stay.

### K. Plaintiff *Sua Sponte* Concedes That This Court Lacks Equitable Jurisdiction Over Claims for Which She Has (or Had) an Adequate Remedy at Law, so the Court Dismisses Those Claims

Plaintiff bizarrely argues *sua sponte* that this Court lacks equitable jurisdiction over her "UCL, FAL, restitution relief CLRA, [and] unjust enrichment claims." Pl.'s Opp'n to Mot. to Dismiss 21, ECF No. 15. Plaintiff then further argues that this Court should sanction Defendants' attorneys for frivolous litigation tactics, because the Court's dismissal of these claims was a foregone conclusion which would result in duplicative litigation. Defendants' motion to dismiss did not challenge Plaintiff's claims on the basis of equitable jurisdiction.[6]

---

[6] Defendants only mentioned equitable jurisdiction once, in the context of alleging that Plaintiff had failed to state a claim for unjust enrichment. Defs.' Mot. to Dismiss 12, ECF No. 12.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

Plaintiff makes a remarkable unforced error by both making and conceding this argument *sua sponte*. Because Plaintiff has conceded that she has or had an adequate remedy at law for these claims, the Court must dismiss them. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) ("[T]he traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action."); *Guzman v. Polaris Indus.*, 49 F.4th 1308, 1312 (9th Cir. 2022) ("[I]f the plaintiffs had an adequate legal remedy under the CLRA, they could not also maintain equitable claims under the UCL and CLRA in federal court."). Plaintiff's suggestion that these claims should be remanded to state court is wrong. This Court cannot split the litigation and remand only certain claims to the State court. *See Hooks v. Dignity Health*, No. CV 22-07699 DSF (PDx), 2022 U.S. Dist. LEXIS 232161, 2022 WL 17968833, at *9 (C.D. Cal. Dec. 27, 2022) (declining to remand, and instead dismissing, claims which the Court did not have equitable jurisdiction over). These claims are therefore DISMISSED.

Plaintiff's argument that the Court should sanction Defendants' counsel is without merit and will not be further addressed.

IV.   **Conclusion**

Many of Defendants' arguments are rejected as obviously contrary to established law. However, the Court agrees with Defendants that Plaintiff's FAL and CLRA claims are time barred; the Court also observes that Plaintiff's unjust enrichment claim is time barred. The Court therefore DISMISSES those claims. The Court also DISMISSES Plaintiff's claims against Takeo Sato. Lastly, the Court DISMISSES Plaintiff's UCL claim because Plaintiff concedes that this Court has no equitable jurisdiction over it. Plaintiff's surviving claims include those for fraudulent misrepresentation, negligent misrepresentation, breach of express warranty, and breach of implied warranty. Plaintiff is ordered to file her motion for class certification within 75 days.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | August 13, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |