UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | December 6, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [32]

Before the Court is Plaintiff Sue Shin's ("Plaintiff") motion for class certification. ECF No. 32. For the following reasons, the motion is DENIED.

I. **Factual and Procedural Background**

A. **Factual Allegations**

Normally, due to higher evidentiary standards at the class certification stage, plaintiffs support motions for class certification with various pieces of evidence beyond the allegations in their complaint—i.e., documents, depositions, declarations, etc. Here, Plaintiff supports her motion for class certification with only two declarations from herself and her attorney respectively. These declarations are largely duplicative of the allegations in her complaint (Plaintiff's declaration cites her complaint directly), and thus the Court will recap the facts of this case with reference to Plaintiff's complaint.

Defendant Sanyo Foods "manufactures and sells Sapporo Ichiban packaged noodle products." Defs.' Mot. to Dismiss 1, ECF No. 12. Between August 2018 and December 2019, Plaintiff purchased

:
Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | December 6, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

two to ten packages of Sapporo Ichiban Miso Ramen per week from groceries and convenience stores in the Los Angeles area. Pl.'s Opp'n to Mot. to Dismiss 1, ECF No. 12; Notice of Removal, Ex. A (hereinafter, "Compl."), ¶ 2, ECF No. 1-1. Eight of Sanyo Food's packaged noodle products, including the product purchased by Plaintiff, contain the ingredient palm oil. Compl. ¶ 67, ECF. On the front of their packaging, these products display the claim "0g Trans Fat." *Id.* ¶ 65. Plaintiff allegedly relied on this claim when making her purchases. *Id.* ¶ 7.

In December 2019, Plaintiff came to believe that Sanyo Food's products contained "more than 0g but less than .5g of trans fat."[1] *Id.* ¶ 38. As evidence of the existence of trans fat in Sanyo's products, Plaintiff refers to a notice, published by the Food and Drug Administration, stating that "all refined edible oils contain some trans fat." *Id.* ¶ 67 (citing Final Determination Regarding Partially Hydrogenated Oils, 80 Fed. Reg. 34650 (June 17, 2015)). Plaintiff alleges that the palm oil in Sanyo Food's products is refined, and therefore must contain some trans fat. *Id.*

Plaintiff further alleges that, in November 2022, Defendants "knew and should have known" via laboratory testing that Sanyo Foods' products contain more than zero grams of trans fat per serving. *Id.* ¶ 23. In making this allegation, Plaintiff refers to a test conducted by Sanyo Foods in October 2022.[2] Pl.'s Opp'n to Mot. to Dismiss, Ex. 2, ECF No. 15. For each of the twelve products tested, the amount of trans fat was recorded as "<0.10g/100g." *Id.* Defendants contend that the minimum amount of trans fat which a test of this type can detect is one tenth of a gram. Defs.' Reply in Support of Mot. to Dismiss 2, ECF No. 18. In other words, the test is not precise enough to differentiate between zero and one tenth of a gram of trans fat. Therefore, the test may or may not have revealed that trans fat is present in Sanyo Food's products.

Lastly, the Sanyo Foods products referred to in the complaint do not feature a label directing consumers to "see nutrition information for total fat, saturated fat, and sodium contents," despite

---

[1] Plaintiff does not explain how she came this realization.
[2] Plaintiff provides no further context on these laboratory tests.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | December 6, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

containing elevated amounts of those nutrients. Compl. ¶ 63. Plaintiff maintains that she would not have purchased Sanyo Foods' products if they had featured such a label. *Id.*

### B. Procedural History

On August 17, 2022, Plaintiff filed a complaint in the Superior Court of the State of California, County of Los Angeles, against Sanyo Foods and Takeo Sato, Sanyo Foods' general manager. Defs.' Request for Jud. Notice 3, ECF No. 13. Plaintiff amended the complaint on December 12, 2022. *Id.* The Amended complaint stated four causes of action: two violations of California's Unfair Competition Law ("UCL"); a violation of California's False and Misleading Advertising Law ("FAL"); and a violation of California's Consumers Legal Remedies Act ("CLRA"). Defs.' Request for Jud. Notice, Ex. B, ¶¶ 69–93, ECF No. 13. On October 5, 2023, Plaintiff sought the State court's leave to convert her action into a class action. Defs.'s Request for Jud. Notice 3, ECF No. 13; Defs.' Mot. to Dismiss 3–4, ECF No. 12. Leave to amend was denied by the State court on the grounds that expanding the litigation to a class action would "result in prejudice to Defendant in the form of an exponential increase in the costs to defend [the] action." Defs.' Mot. to Dismiss 4, ECF No. 12.

Subsequently, Plaintiff filed this class action in the Superior Court of the State of California, County of Los Angeles, on November 9, 2023. Notice of Removal ¶ 3, ECF No. 1. In addition to the causes of action listed above, Plaintiff has introduced five additional claims: unjust enrichment; fraudulent misrepresentation; negligent misrepresentation; breach of express warranty; and breach of implied warranty of merchantability. Compl. ¶¶ 91–155. Defendant removed the case to federal court on December 14, 2023. Notice of Removal, ECF No. 1.

On January 22, 2024, Defendants moved to dismiss Plaintiff's complaint. ECF No. 12. On August 13, 2024, the Court granted in part and denied in part Defendants' motion. ECF No. 27. Ultimately, the Court allowed Plaintiff's fraudulent misrepresentation, negligent misrepresentation, breach of express warranty, and breach of implied warranty claims to go forward, but only against Sanyo Foods. *Id.* The Court dismissed all claims against Takeo Sato. *Id.*

:
_____

Initials of Preparer         PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | December 6, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

In its order allowing four of Plaintiff's claims to go forward, the Court instructed Plaintiff to move for class certification within 75 days. *Id.* On October 28, 2024, Plaintiff moved for class certification. ECF No. 32. Specifically, Plaintiff moved to certify the following class and subclass:

**Nationwide Class**
All U.S. citizens who purchased the SAPPORO ICHIBAN Product in their respective state of citizenship for personal and household use and not for resale during the Class Period.

**California Sub-Class**
All California citizens who purchased SAPPORO ICHIBAN Product in California for personal and household use and not for resale during the Class Period.

Plaintiff defined the "Class Period" as November 2019 until the date notice is disseminated to the class.

## II.   Legal Standard

In determining whether to certify a class, "the district court is bound to take the substantive allegations of the complaint as true," however, "the court also is required to consider the nature and range of proof necessary to establish those allegations." *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir. 1982) (citing *Blackie v. Barrack*, 524 F.2d 891, 901 n. 7 (9th Cir. 1975)). Indeed "[a] party seeking to certify a class may not merely rest on his pleadings." *Nevarez v. Costco Wholesale Corp.*, No. 2:19-CV-03454-SVW-SK, 2019 WL 7421960, at *2 (C.D. Cal. Dec. 26, 2019).

"A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b)." *Wang v. Chinese Daily News*, 737 F.3d 538, 542 (9th Cir. 2013).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | December 6, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Rule 23(a) provides as follows:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>   (1) the class is so numerous that joinder of all members is impracticable;
>   (2) there are questions of law or fact common to the class;
>   (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>   (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). To certify a class, the district court must conduct a "rigorous analysis" and conclude that all four requirements—commonly shorthanded as numerosity, commonality, typicality, and adequate representation—are satisfied. *Wang*, 737 F.3d at 542–43 (quoting *Wal-Mart*, 564 U.S. at 349).

"In addition to the requirements of Rule 23(a), a proposed class must also meet the requirements of one or more of the 'three different types of classes' set forth in Rule 23(b)." *Senne v. Kan. City Royals Baseball Corp.*, 934 F.3d 918, 927 (9th Cir. 2019) (quoting *Leyva v. Medline Indus., Inc.*, 716 F.3d 510, 512 (9th Cir. 2013)). Here, Plaintiff seeks certification under Rule 23(b)(3).

Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "While Rule 23(a)(2) asks whether there are issues common to the class, Rule 23(b)(3) asks whether these common questions predominate. Though there is substantial overlap between the two tests, the 23(b)(3) test is 'far more demanding,' and asks 'whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Wolin v. Jaguar Land Rover N. Am.*, 617 F.3d 1168, 1172 (9th Cir. 2010) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | December 6, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

"'[P]laintiffs wishing to proceed through a class action must actually prove—not simply plead—that their proposed class satisfies each requirement of Rule 23, including (if applicable) the predominance requirement of Rule 23(b)(3),' and must carry their burden of proof 'before class certification.'" *Olean*, 31 F.4th at 665 (quoting *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275–76 (2014)). The Ninth Circuit has clarified that a plaintiff must satisfy its burden under Rule 23 according to a preponderance of the evidence standard. *Id.*

"A court's class-certification analysis . . . may entail some overlap with the merits of the plaintiff's underlying claim." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013) (citation and internal quotation marks omitted). That said, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Id.* "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.*

### III.    Discussion

Plaintiff seeks class certification through 23(b)(3). Rule 23(b)(3) requires that (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members" and (2) class resolution is "superior to other methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The requirements of Rule 23(b)(3) overlap with the requirements of Rule 23(a) . . . ." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664 (9th Cir. 2022) (citing *Wal-Mart*, 564 U.S. at 349). Accordingly, "courts must consider cases examining both subsections in performing a Rule 23(b)(3) analysis." *Id.*

In this case, Plaintiff fails to satisfy the requirements of Rule 23(b)(3) for at least two reasons. First, Plaintiff does not provide sufficient evidence to "establish[] that damages are capable of measurement on a classwide basis." *See Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). This alone is fatal to Plaintiff's class certification.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-10485-SVW-MRW | Date | December 6, 2024 |
|---|---|---|---|
| Title | *Sue Shin v. Sanyo Foods Corp. of America* | | |

Second, in the alternative, Plaintiff fails to show that, when evaluating her claims on the merits, "questions of law or fact common to class members predominate over any questions affecting only individual members." *See* Fed. R. Civ. P. 23(b)(3).

This is especially true with respect to Plaintiff's implied warranty claims, as "a plaintiff asserting breach of [implied] warranty claims must stand in vertical contractual privity with the defendant." *Clemens v. Daimier Chrysler Corp.*, 534 F.3d 1017 (2008). Accordingly, "each member of the [Plaintiff's] putative California class must establish that he or she was in vertical privity with [Defendant] to prove his or her implied warranty claim." *See In re ConAgra Foods, Inc.*, 90 F. Supp. at 987. This is an "individual issue[]" that will "predominate over common ones," and therefore "certification of a class to pursue [implied warranty] claim[s] is not appropriate" in this case. *See id.* (denying class certification of an implied warranty claim in a product labeling case because "each member of the California class must establish that he or she was in vertical privity with [the defendant]").

Because Plaintiff's failure to satisfy Rule 23(b)(3) is fatal to her proposed class, the Court need not determine whether the class satisfies Rule 23(a).

IV.   **Conclusion**

For the foregoing reasons, Plaintiff's motion for class certification is DENIED WITHOUT PREJUDICE. Plaintiff is granted 14 days to amend her motion for class certification. If that amended motion fails to correct the deficiencies identified in this order, Plaintiff's motion for class certification will be dismissed with prejudice.

**IT IS SO ORDERED.**

:

| Initials of Preparer | PMC |
|---|---|